UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------- X
                                         :

BMO HARRIS BANK, N.A.,                :

                 Plaintiff,       :

                                     :          20 Civ. 6355  (LGS)

           -against-         :

                                     :             **ORDER**

PRINCIPIS CAPITAL LLC, et al.,       :

                 Defendants.     :

                                     :
----------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff BMO Harris Bank ("BMO") filed this lawsuit against Defendant Principis Capital LLC ("Principis," and together with Defendants FF2, Corp., "Defendants"), following Principis' alleged defaults under the terms of a credit agreement;

WHEREAS, by Order dated February 3, 2021, Magistrate Judge Fox granted in part and denied in part BMO's application to compel responses to Requests Nos. 1-3, 8 and 9 of BMO's first set of document requests (the "Order").  On February 16, 2021, Defendants filed objections to the Order, pursuant to Federal Rule of Civil Procedure 72(a), and on February 23, 2021, BMO filed its response to Defendants' objections;

WHEREAS, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a magistrate judge may issue orders regarding non-dispositive pretrial matters such as the discovery order at issue.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010).  Such orders may be set aside only if they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  "A magistrate judge's order is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed."  *Pugh-Ozua v. Springhill Suites*, No. 18 Civ. 1755, 2020 WL 6562376, at *2 (S.D.N.Y. Nov. 9, 2020) (quotation marks omitted).  "An order is contrary to law when it fails to apply

1

or misapplies relevant statutes, case law, or rules of procedure." *Id.* (quotation marks omitted). "This standard of review is highly deferential, and magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Id.* at *3 (quotation marks omitted). It is hereby

      **ORDERED** that Defendants' objections are overruled.

      Defendants object to Judge Fox's decision to grant BMO's application to compel financial statements from August 2020 to the present, responsive to BMO's Request No. 2. While the Order does not detail the bases for Judge Fox's ruling, it is apparent that the decision to compel the financial statements was neither clearly erroneous nor contrary to law.

      BMO first requested Principis' financial statements in October 2020. According to BMO, the financial statements provide information relevant to assessing the propriety of appointing a receiver, which is at issue in this lawsuit. BMO also argued that Principis is contractually required to produce and deliver such financial statements pursuant to the loan documents. In response to BMO's request, Defendants objected that the information sought is not relevant and is confidential. In response to BMO's application, Defendants additionally argued that they would need to prepare such financial statements, as Principis is no longer a "going concern," but rather is being forced to wind down. Judge Fox did not abuse his discretion in rejecting Principis' objections. Principis' financial circumstances are central to BMO's claims, and Judge Fox could reasonably find that the financial statements were relevant and proportional to the needs of the case pursuant to Federal Rule of Procedure 26. Principis' confidentiality objection is also expected to become moot, pending the entry of an agreed-upon confidentiality order.

      In seeking reversal of Judge Fox's determination, Defendants primarily argue that "a request for documents does not include the obligation to create information of documents which a party does not control or possess." *Nunez v. City of New York*, No. 11 Civ. 5845, 2013 WL 2149869, at *6

(S.D.N.Y. May 17, 2013).  As Defendants' cited cases reflect, this proposition of law applies when it appears that (1) "discovery tools" are being used to "*unduly* shift the burden of analyzing evidence from the requesting party to the responding party," *see R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 44 (S.D.N.Y. 2010) (emphasis added); (2) document requests are made for information that simply does not exist, *see Am. Banana Co., Inc. v. Republic Nat'l Bank of New York, N.A.*, No. 99 Civ. 1330, 2000 WL 521341, at *3 (S.D.N.Y. May 1, 2000) (explaining that the plaintiffs cannot turn over documents related to business with an entity that never occurred during the relevant period); and (3) there is no obligation to create the requested documents, *i.e.*, the documents would be solely created for its production, *see Deng v. New York State Office of Mental Health*, No. 13 Civ. 6801, 2016 WL 11699675, at *3 (S.D.N.Y. Feb. 23, 2016).  The Court is not left with a "definite and firm conviction that a mistake has been committed," as it would be within reason for Judge Fox to determine that the production of financial statements would not be unduly burdensome, that the information provided in such statements exists, and that Principis is otherwise obligated to produce such documents.

Defendants request, in the alternative, that Principis be permitted forty-five days after this ruling to compile the financial statements.  Defendants contend that the Order's fourteen-day deadline was an abuse of discretion as Principis is not a going concern and its chief financial officer retired in January.  Judge Fox did not abuse his discretion in setting a fourteen-day deadline, as BMO's request has been pending for several months, and Defendants are not precluded from seeking an extension should circumstances warrant it.

The Clerk of Court is respectfully directed to close Dkt. No. 117.

Dated: February 25, 2021
        New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**